**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-2455-WJM-KMT

TRENSON L. BYRD,

    Plaintiff,

v.

CONSECO LIFE INSURANCE COMPANY,
an Indiana corporation transacting business in Colorado,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

Plaintiff Trenson L. Byrd ("Plaintiff") brings this action against Conseco Life Insurance Company ("Defendant"). Before this Court are Defendant's Motion for Summary Judgment ("Motion").[1] (ECF No. 47.) For the reasons set forth below, the Motion is granted and Plaintiff's Motion to Strike is denied.

## I. BACKGROUND

On December 27, 1994, Linda Byrd applied for a $100,000 life insurance policy (the "Policy") with Massachusetts General Life Insurance Company ("Massachusetts General"). (ECF No. 47-4 at 6.) Massachusetts General's insurance agent wrote Mrs. Byrd's date of birth as "5/27/67" on the application, making Mrs. Byrd's age 27 in 1994, instead of her actual age at the time of 33. (ECF No. 47-4 at 16.) The Byrds reviewed and signed the application. (*Id.* at 17.) The application was approved and the Policy

---

[1] Plaintiff moves to strike an exhibit attached to Defendant's reply brief. (ECF No. 60.) The Court does not find it necessary to consider this evidence on the Motion for Summary Judgment, therefore, the Motion to Strike is moot.

was purchased and issued on February 12, 1995.  (*Id.* at 3.)  The Policy was thereafter purchased and taken over by Defendant.  (ECF No. 22 ¶ 3.)

The Policy contained a "Error in Age or Sex" provision (the "Misstatement of Age Provision") which read, "[i]f the age or sex of the insured has been misstated, the cash values, accumulation account and death benefit payable will be that which the most recently monthly deduction would have purchased at the correct age and sex."  (ECF No. 47-4 at 14.)

Plaintiff claims that he advised Massachusetts General that Mrs. Byrd's date of birth had been incorrectly stated on the policy.  (Dep. (ECF Nos. 47-1 & 55-2) pp. 77-78.)  Although Plaintiff believed that Massachusetts General had corrected this error (*Id.* pp. 37-38), the policyholder statements, which were sent to the Byrds annually, continued to indicate that Mrs. Byrd was 27 years old on the date of issue.  (ECF No. 47-11.)  Additionally, the premium on the Policy never changed.  (Dep. p. 34.)

Mrs. Byrd passed away in July 2010.  (ECF No. 47-5 at 1.)  Plaintiff, the beneficiary of Mrs. Byrd's Policy, filed a claim with Defendant.  (*Id.*)  In the course of processing Plaintiff's insurance claim, Defendant learned that Mrs. Byrd's date of birth had been misstated on the application, and that Mrs. Byrd was actually 33 years old when the Policy was issued.  (ECF No. 47-2 ¶ 10.)  On August 27, 2010, Defendant sent Plaintiff a letter (the "Letter") explaining that Defendant was reducing the death benefit in accordance with the Misstatement of Age Provision.  (ECF No. 47-6.)

The Policy's $100,000 benefit had been based on the cost of insurance to a twenty-seven-year-old female.  (ECF No. 47-4 at 4.)  Because Mrs. Byrd was in fact six years older, Defendant, relying upon the Policy's Misstatement of Age Provision,

reduced the policy's death benefit accordingly. (ECF No. 47-6.) Defendant adjusted the benefit to the amount of insurance it would have issued to a thirty-three-year-old female based on the premiums collected, and paid Plaintiff approximately $57,000. (ECF No. 47-2 ¶ 11.)

On July 24, 2012, Plaintiff initiated this action against Defendant in the District Court of Denver County, Colorado. (ECF No. 1-1.) On September 14, 2012, the action was removed to this Court. (ECF No. 1.) On April 25, 2013, Plaintiff filed an Amended Complaint, asserting four causes of action: (1) breach of contract; (2) negligence; (3) vicarious liability; and (4) bad faith breach of insurance contract. (ECF No. 22 ¶¶ 11-22.)

On September 6, 2013, Defendant filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 47.) On October 11, 2013, Plaintiff filed his Opposition to Defendant's Motion (ECF No. 55), and Defendant filed its Reply Brief on October 25, 2013. (ECF No. 59.)

On October 6, 2013, Plaintiff filed a motion to strike an exhibit to Defendant's Reply Brief. (ECF No. 60.) Defendant responded on November 27, 2013. (ECF No. 61.)

These motions are now ripe for resolution.

## II. STANDARD OF REVIEW

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one

party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc*., 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

### III.  ANALYSIS

Defendant moves for summary judgment on Plaintiff's Complaint in its entirely. (ECF No. 55 at 1.)  Defendant argues that summary judgment is appropriate because its obligations arise purely from the Policy and the Misstatement of Age Provision, and therefore Plaintiff cannot, as a matter of law, demonstrate a breach of contract or negligence, or bad faith breach of an insurance contract.  (ECF No. 55 at 2.)  The Court will address Defendant's arguments in turn.

**A.     Breach of Contract**

Colorado law requires that all life insurance policies include a misstatement of age provision providing that "if the age of the insured is misstated, the amount payable under the policy shall be such as the premium would have purchased at the correct age." *See* Colo. Rev. Stat. §10-7-102(1)(d) (the "Colorado Statute").  The Policy at issue here contained such a provision, which read, "[i]f the age or sex of the insured has been misstated, the cash values, accumulation account and death benefit payable

will be that which the most recently monthly deduction would have purchased at the correct age and sex." (ECF No. 47-4 at 14.)

Plaintiff argues that the Misstatement of Age Provision is not applicable here because there is no evidence that Mrs. Byrd intentionally or knowingly misrepresented her age.[2] (ECF No. 55 at 14-16.) Plaintiff states that "in order to avoid a life insurance policy on the basis of misrepresentations in the application, the insurer must prove that . . . the applicant knowingly made the false statement[.]" (ECF No. 55 at 14 (quoting *Hollinger v. Mutual Ben. Life Ins. Co.*, 192 Colo. 377, 381 (Colo. 1997).) In making this argument, Plaintiff equates the "misstatement" required in age adjustment clauses with the knowing misrepresentations required to rescind insurance contracts. (*See* ECF No. 55 at 26 (referring to the Misstatement of Age Provision as the a "'misrepresentation of age' clause").) Although Plaintiff acknowledges that "[Defendant] is not trying to avoid or rescind the [P]olicy," he argues that "the same principles apply." (ECF No. 55 at 14-15.) Plaintiff, however, cites no authority for this contention.

Neither the Colorado Statute nor the Misstatement of Age Provision in the Policy indicate that the face amount of an insurance policy may be adjusted only where the misstatement in age was intentional or the fault of the insured. *See* Colo. Rev. Stat. §10-7-102(1)(d); ECF No. 47-4 at 14. Moreover, courts dealing with this very issue have held that age adjustment clauses are applicable irrespective of who made the misstatement, and whether the misrepresentation was intentional. *See, e.g., Nat'l Credit Union Admin. Bd. v. Acacia Nat. Life Ins. Co.*, 60 F.3d 828 (6th Cir. 1995)

---

[2] Plaintiff also notes that the mistake in age may have been the fault of the insurance agent who included the wrong date of birth on the application. (*Id.* at 16.)

(finding insurance company properly reduced payment where misstatement in age was due to insurance agent's negligence).

Plaintiff also argues that Defendant should be estopped from adjusting the face value of the Policy because Defendant engaged in blameworthy conduct when it failed to amend Mrs. Byrd's age after Plaintiff allegedly advised Defendant of the mistake in age. ((ECF No. 55 at 17-20.) The cases cited by Plaintiff in support of his promissory estoppel argument pertain to situations where an insurer has rescinded a contract. (*Id*. at 17 (citing *Pacific Mut. Life Ins. Co. v. Van Fleet*, 47 Colo. 401, 407 (Colo. 1910); *Silver*, 219 P.3d at 331.) It is undisputed that Defendant has not rescinded the Policy in this case. (*Id.* at 15 ("[Defendant] is not trying to avoid or rescind the [P]olicy.").) To the contrary, "[t]he parties agree the Policy constitutes an enforceable contract." (ECF No. 59 at 9 n.2.) Therefore, promissory estoppel is not appropriate here.[3] *See Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1432 (10th Cir. 1996) ("Where, however, a contract exists between the two parties, the doctrine in inapplicable."); *Margalit v. United Omaha Life Ins. Co*, 837 F. Supp. 2d 1056 (C.D. Cal. 2012) (finding no material fact regarding estoppel when misstatement of age appeared numerous times in the policy, and insurer paid adjusted amount to plaintiff).

---

[3] Promissory estoppel is also not appropriate under these facts because it was not reasonable for Plaintiff to rely on statements that Mrs. Byrd's age had been corrected when the monthly premium stayed the same (Dep. p. 34), and the annual policyholder statements continued to indicate that Mrs. Byrd was 27 years old when the Policy was issued (ECF No. 47-11). *See Hollinger*, 192 Colo. at 381 (explaining that an element of promissory estoppel is that "the insurer relied, to its detriment, on the false statement of fact or concealment of fact in issuing the policy."); *Antenor v. Fid. & Guar. Life Ins. Co.*, 2009 WL 323532, at *4 (C.D. Cal. Feb. 4, 2009) (rejecting Plaintiff's claim for estoppel, in part, because "it was not reasonable for Cortez to expect to retain $500,000 in death benefits when she continued paying the same monthly premium after revealing to Defendant that was actually two years older than the age the Policy was based on.").

There is no dispute that Mrs. Byrd's age was misstated in the Policy. (*See* ECF Nos. 47 at 3, 55 at 2.) The Misstatement of Age Provision clearly and unambiguously states that the death benefit will be adjusted "[i]f the age or sex of the insured has been misstated[.]" (ECF No. 47-4 at 14.) The Court, therefore, finds that Defendant was entitled to reduce Mrs. Byrd's death benefits to reflect her true age. Accordingly, Defendant is entitled to summary judgment on Plaintiff's breach of contract claim.[4]

## B. Bad Faith Breach of Insurance Contract

Plaintiff's second cause of action charges Defendant with bad faith breach of an insurance contract. (ECF No. 22 ¶¶ 20-22.) "Due to the 'special' nature of the insurance contract and the relationship which exists between the insurer and the insured,' an insurer's breach of the duty of good faith and fair dealing gives rise to a separate cause of action arising in tort." *Goodson v. Am. Standard Ins. Co. of Wisconsin*, 89 P.3d 409, 414 (Colo. 2004). "The basis for tort liability is the insurer's conduct in unreasonably refusing to pay a claim and failing to act in good faith[.]" *Id.* "When an insured sues his or her insurer for bad faith breach of an insurance contract, the insured must prove that (1) the insurer acted unreasonably under the circumstances, and (2) the insurer either knowingly or recklessly disregarded the validity of the insured's claim." *Baker v. Allied Prop. & Cas. Ins. Co.*, 939 F. Supp. 2d

---

[4] Plaintiff also argues that the Policy is an unlawful adhesion contract based on the fact that Plaintiff does not understand certain terms in the Misstatement of Age Provision. (*See* ECF No. 55 at 20-22.) "The terms of an insurance contract generally can be enforced where they are clear and unambiguous." *Huizar v. Allstate Ins. Co.*, 952 P.2d 342, 355 (Colo. 1998) The Court finds that the Misstatement of Age Provision is both straightforward and unambiguous and, therefore, rejects Plaintiff's argument. *See Eppich v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 3162245 (D. Colo. Sept. 30, 2009) ("[Insurance contracts" are ambiguous if they are susceptible to more than one reasonable interpretation).

1091, 1107 (D. Colo. 2013), as amended June 12, 2013 (citing *Sanderson v. Am. Family Mut. Ins. Co.*, 251 P.3d 1213, 1217 (Colo. Ct. App. 2010)); *see also* Colo. Rev. Stat. § 10-3-111(3) (codifying this standard).  In determining whether an insurer's delay or denial of benefits due was reasonable, the following evidence may be considered: (1) the insurer's failure to pay claims without conducting a reasonable investigation based upon all available information; and (2) the insurer's failure to promptly provide a reasonable explanation of the basis for denial of a claim.  *See* Colo. Rev. Stat. §§ 10-3-1114(4), 10-3-1104(1)(h)(IV), 10-3-1104(1)(h)(XIV).

Plaintiff argues that Defendant's conduct was unreasonable because: (1) Defendant failed to conduct a reasonable investigation as to whether Plaintiff had notified Defendant of the misstatement in age; and (2) the Letter did not provide a reasonable explanation of how the Policy's face amount was adjusted.  (ECF No. 55 at 28-30.)

As to Plaintiff's first argument, the Court finds that Defendant's failure to conduct an investigation is not, standing alone, proof of unreasonable conduct.  Plaintiff has not provided any evidence that he notified Defendant of Mrs. Byrd's correct age, and Defendant has no record of any such notification.  (ECF No. 47-2 ¶ 12.)  Additionally, courts determining similar issues have found that misstatement of age provisions may apply regardless of subsequent notice of the mistake in age.  *See Antenor v. Fid. & Guar. Life Ins. Co.*, 2009 WL 323532, at *4 (C.D. Cal. Feb. 4, 2009) ("[N]othing in the Policy required Defendant to adjust the face value of the Policy at the time that it learned Cortez's true age[.]").

Plaintiff's second argument similarly does not prove that Defendant acted unreasonably. Defendant signed the application (ECF No. 47-4 at 17), and is therefore, charged with knowledge of the Misstatement of Age Provision. *See Unigard Sec. Ins. Co. v. Mission Ins. Co. Trust*, 12 P.3d 296, 300 (Colo. Ct. App. 2000) ("An insured is charged with knowledge of the policy's terms and is therefore on notice that the scope of his, her, or its insurance coverage is governed by the terms of the policy[.]"). The Letter states, "[d]ue to the misstatement of Date of Birth on application, the face amount has been adjusted to reflect the Date of Birth on the Certified Death Certificate." (ECF No. 47-6.) The Letter also included the amount of the adjustment. (*Id.*) On these facts, no reasonable juror could find that Defendant failed to reasonably notify Plaintiff of the reason for the reduction in the amount of benefits.

The Court also finds that Defendant's conduct in adjusting the death benefit was reasonable, given that the Court has granted summary judgment in Defendant's favor on the breach of contract claim. *See Antenor v. Fid. & Guar. Life Ins. Co.*, 2009 WL 323532, at *5 (C.D. Cal. Feb. 4, 2009) (granting summary judgment on breach of the duty of good faith and fair dealing claim and noting that there can be no bad faith breach when benefits are properly withheld). Therefore, summary judgment is granted for Defendant on Plaintiff's claim for bad faith breach of an insurance contract.

### C.  Negligence And Vicarious Liability

Defendant also moves for summary judgment on Plaintiff's negligence claim. (ECF No. 47 at 19.) Under Colorado law, "[t]he elements of a claim of negligence consist of the following: a duty owed by the defendant to the plaintiff, a breach of that

duty, injury to the plaintiff, and a proximate cause relationship between the breach and the injury." *Casebolt v. Cowan*, 829 P.2d 352, 356 (Colo. 1992). Plaintiff has not offered any evidence in support of his negligence claim, nor has he argued against Defendant's motion for summary judgment on this claim. Therefore, Plaintiff has utterly failed to meet his summary judgment burden and the Court finds that summary judgment is appropriate.

Since summary judgment has been granted on Plaintiff's negligence claim, summary judgment must also be granted on Plaintiff's claim for vicarious liability. Plaintiff cannot prove that Defendant is vicariously liable for negligence when the cause of action for negligence has been removed from the case.

## IV.  CONCLUSION

Accordingly, the Court ORDERS as follows:

1. Defendant's Motion for Summary Judgment (ECF No. 47) is GRANTED;

2. Plaintiff's Motion to Strike (ECF No. 60) is DENIED AS MOOT;

3. The Clerk shall enter judgment and close the case. Each party shall bear his or its own attorney's fees and costs.

Dated this 25th day of April, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge